UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Wells Fargo Bank, N.A.,

        Plaintiff,         **MEMORANDUM OPINION AND ORDER**

v.        Civil No. 12-2192 ADM/AJB

First California Mortgage Company
and Christopher K. Hart,

        Defendants.

---

Charles F. Webber, Esq., Faegre Baker Daniels LLP, Minneapolis, MN, on behalf of Plaintiff.

Carol R.M. Moss, Esq., and J. Robert Keena, Esq., Hellmuth & Johnson, PLLC, Edina, MN, on behalf of Defendants.

---

## I. INTRODUCTION

On November 27, 2012, the undersigned United States District Judge heard oral argument on Defendant Christopher Hart's Motion to Dismiss Count IV of Amended Complaint [Docket No. 9]. For the reasons discussed below, Defendant's Motion to Dismiss is denied.

## II. BACKGROUND

Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") is a national banking association in Sioux Falls, South Dakota. Am. Compl. [Docket No. 4] ¶ 5.

Defendant First California, Inc. ("First California") had a "correspondent lender" relationship with Wells Fargo, whereby First California sold mortgage loans to Wells Fargo. Am. Compl. ¶ 1. A written agreement between the parties required First California to: (1) represent and warrant that each mortgage being sold had certain characteristics; (2) repurchase from Wells Fargo any mortgage that did not possess those characteristics; and (3) reimburse Wells Fargo for certain losses, costs, and expenses associated with any repurchased mortgage.

Am. Compl. ¶ 2.

To secure performance of First California's contract obligations, Wells Fargo and Hart, First California's Marketing Director, executed a guaranty agreement on April 19, 2005, in which Hart personally guaranteed the prompt payment and performance of First California's contractual obligations to Wells Fargo. Am. Compl. ¶¶ 3, 15. This guarantee included a governing law and forum selection clause, Section 12, which stated:

> This Guaranty shall be governed by and construed in accordance with the substantive laws of the State of California. In the event of any litigation arising out of the Obligations or this Guarantee, Guarantor agrees that the substantive laws of the State of California shall apply, including, without limitation, all provisions relating to the rights and remedies of the owner or holder of the Instruments against any security therefor and/or Guarantor. Any judicial proceeding brought against the Guarantor with respect to the Obligations or this Guaranty may be brought in any court of competent jurisdiction in the State of California, irrespective of where the Guarantor may reside or be located at the time of such proceeding, and by execution and delivery of this Guaranty, the Guarantor hereby consents to the non-exclusive jurisdiction of any such applicable court and waives any defense or opposition to such jurisdiction.

Am. Compl. Ex C ("Guaranty").

In September 2012, Wells Fargo brought suit against First California and Hart, alleging violation of Defendants' contractual representations and warranties and refusal by Defendants to repurchase the loans or indemnify Wells Fargo for its losses. Compl. [Docket No. 1] ¶ 4. The case was filed in the United States District Court for the District of Minnesota. Id. ¶ 1.

### III. DISCUSSION

Hart seeks dismissal under Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1406(a), arguing the District of Minnesota is an improper venue for this case. Alternatively, Hart seeks a transfer of venue to the United States District Court for the Northern District of California under 28 U.S.C. § 1404(a). Hart argues that, under the Guaranty, all

disputes seeking to enforce the Guaranty should be litigated in the State of California.[1]

Section 1406(a) mandates dismissal if the case is filed in the wrong district court or, "if it be in the interest of justice", transfer of the case to a proper venue. Section 1404(a) permits, but does not require, transfer when a case is initially filed in an appropriate venue but another court is a more convenient forum for trial. See Sinochem Int'l Co. v. Malay. Int'l Shipping Corp., 127 S. Ct. 1184, 1190-91 (2007).[2] In Section 1404(a) cases, the court evaluates "the convenience of the parties; the convenience of the witnesses; the interests of justice; and any other relevant factors." Terra Int'l v. Miss. Chem. Corp., 119 F.3d 688, 696 (8th Cir. 1997). Federal courts give "considerable deference to a plaintiff's choice of forum" and thus under section 1404(a) the burden of proof rests on the defendant to show that a transfer is warranted. In re Apple, Inc., 602 F.3d 909, 913 (8th Cir. 2010).

The first issue to determine is whether the District of Minnesota is an improper venue. Hart argues that the Guaranty's forum selection clause renders the District of Minnesota an

---

[1] Both parties assume federal law controls the question of whether the Guaranty's Section 12's forum selection clause applies to Hart's motion to dismiss. See Union Elec. Co. v. Energy Ins. Mut., Ltd., 689 F.3d 968, 970-971 (8th Cir. 2012); see also Rainforest Cafe, Inc. v. EklecCo, L.L.C., 340 F.3d 544, 546 (8th Cir. 2003) (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 31-32 (1988) (holding that in diversity cases, federal law governs determination of what effect to give forum selection clause in contract)). But this appears to be an open question. See M.B. Rests., Inc. v. CKE Rests., Inc., 183 F.3d 750, 752 n.4 (8th Cir. 1999) (using federal law when parties assume its use, but noting circuit split on issue of whether interpretation of forum selection clauses in diversity cases is a substantive or procedural issue and leaving the matter undecided in the Eighth Circuit).

[2] There is much confusion surrounding how to analyze requests for transfer when the parties have signed contracts with a mandatory forum selection clause. Hodnett v. Heartland Res., Inc., Civ. No. 07-2092, 2007 U.S. Dist. LEXIS 84208, *5-6 (W.D. Ark. Nov. 14, 2007) (discussing cases which debate the application of Section 1404(a) versus the application of Section 1406(a)). Because the Guaranty here is permissive, the Court declines to reach the merits of this debate.

improper venue because it mandates cases be filed in the courts of the State of California. However, federal courts distinguish between mandatory and permissive forum selection clauses. McDonnell Douglas Corp. v. Islamic Republic of Iran, 758 F.2d 341, 345-46 (8th Cir.1985). While a mandatory forum selection clause uses specific language — words such as "shall" and "will" — to clearly designate a forum, permissive clauses merely provide consent to jurisdiction and venue, but do not require a specific forum. DataCard Corp. v. Softek, Inc., 645 F. Supp. 2d 722, 729 (D. Minn. 2007). The Eighth Circuit Court of Appeals explained:

> A permissive forum selection clause in a negotiated contract between sophisticated actors is a risk management tool. With such a clause, a defendant is more strongly deterred from challenging personal jurisdiction in a suit that is filed in the consented-to-jurisdiction than he or she would be if such a clause were absent. This is the case even if it is later determined that jurisdiction would have been proper in the consented-to jurisdiction under a traditional minimum contacts analysis. The presence of the clause avoids the need to rely solely on the traditional minimum contacts analysis by providing a second, stronger basis for jurisdiction thereby minimizing the risk that anything more than a frivolous challenge to jurisdiction may arise.

Dunne v. Libbra, 330 F.3d 1062, 1064 (8th Cir. 2003). Permissive forum selection clauses do not exclude jurisdiction or venue in any other forum. DataCard, 645 F. Supp. 2d at 729 (citing Fla. State Bd. of Admin. v. Lay Eng'g & Envtl. Servs., Inc., 262 F. Supp. 2d 1004, 1009 (D. Minn. 2003)).

The Guaranty's forum selection clause is permissive. The clear language of Section 12 states that a suit "*may* be brought in any court of competent jurisdiction in the State of California," but shows no intent to make jurisdiction exclusive. If Hart moved out of the State of California, Wells Fargo reserved a right to bring suit in California. The agreement does not require Wells Fargo bring its contract disputes in California. As a result, the plain language of

the Guaranty does not mandate venue in California.[3]

Venue is initially proper in Minnesota, therefore no further analysis of Section 1406 is necessary. As discussed above, Section 1404(a) allows the Court to transfer cases to another proper venue for the convenience of parties and witnesses and in the interests of justice.

Hart relies heavily on the Court finding the forum selection clause mandatory. Having found the forum selection clause permissive, Hart offers almost no reasons why the Court should transfer the case to the Northern District of California. Although California would be convenient for Hart, this fact does not overcome the deference given Wells Fargo's choice of forum. In addition, the weight of conveniences favors Wells Fargo. Wells Fargo avers, and Hart does not dispute, that Wells Fargo sold the loans at issue in Minnesota and Hart conducted business with Wells Fargo in Minnesota. Minnesota is where the documents are located and the witnesses reside. Finally, First California, the company on whose behalf Hart signed the Guaranty, is not objecting to the choice of forum. Allowing Hart's transfer to Northern California would sever his case from First California's case, resulting in judicial inefficiency.

---

[3] If the Guaranty forum selection clause language is not mandatory, the parties do not dispute that this Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a) and venue in Minnesota is proper under 28 U.S.C. § 1391.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that: Defendant's Motion to Dismiss Count IV of Amended Complaint [Docket No. 9] is **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  January 30, 2013.